Hillsborough,
Feb. 5, 1952. } No. 4086.

JAMES J. ALI & a. v. WILFRED F. GINGRAS.

*Robert E. Earley* and *Charles J. Flynn* for the plaintiff, James J. Ali, furnished no brief.

*Albert Terrien* (by brief and orally), for the plaintiff Beatrice Pelletier Galante.

*Sheehan, Phinney & Bass* and *William S. Green* (*Mr. Green* orally), for the defendant.

JOHNSTON, C. J. The plaintiff claims that in spite of the verdict

for the defendant Wilfred F. Gingras, it should be ruled as a matter of law that he was negligent and that she is entitled to judgment. There was no evidence that the plaintiff was lacking in due care and no fault of the driver of the car in which she was a passenger can be imputed to her. It was pointed out in *LePage* v. *Company*, 97 N. H. 46, 49, that verdicts are rarely directed in favor of the party having the burden of proof. *Williams* v. *Duston*, 79 N. H. 490, 491, was quoted to the effect that a plaintiff is entitled to such a verdict only when his case is established by the sole reasonable inference from undisputed facts.

Since the defendant approached the highway from an exit of the ice cream stand area, neither driver had a statutory right of way. They owed to each other the reciprocal duty to act reasonably. *Owen* v. *Dubois*, 95 N. H. 444; *Tetreault* v. *Gould*, 83 N. H. 99.

There was evidence that the defendant stopped his car at the westerly edge of the highway, that he crossed the thirty foot way and proceeded northerly in the easterly lane a hundred feet or more before the collision between the right rear of his car and the left front of the Ali car. It could be found that he was proceeding in low gear at a speed of fifteen miles an hour. He crossed the highway at a slight angle to his left. His wife with their child in her arms was seated on his right. The plaintiff claims that it conclusively appears that the defendant lacked due care because he did not see the other car coming from the south and refrain from entering the easterly lane. This raises the question of whether the defendant did look to the south and, if so, whether he used reasonable care in so doing. The defendant testified that when he stopped at the edge of the highway he looked in both directions and that he did not see the Ali car. In response to the question concerning his look to the south, "and did you see anything as far down as you could see?" his answer was "No." The jury apparently believed him and it was within their province to do so. The plaintiff's witnesses testified that the Ali car was going at a speed of forty to forty-five miles per hour. The jury was not obliged to believe that it was going no faster than this and could find that his speed was greater than forty-five miles an hour. It is clear then that while defendant's car was proceeding some 130 feet, the car in which the plaintiff was riding may have covered a distance of more than 400 feet. This would place it at the time that the defendant started from the edge of the highway 300 feet or more southerly of the stopping point and 400 feet or more southerly of the point of collision.

The defendant may have been prevented from seeing the Ali car by reason of the angle of his own car. Furthermore, some 600 or 700 feet to the south a dip in the highway was such that the defendant as he stopped could not have seen the headlights of a car approaching in it but only their "glare" and the top part of the car generally. If the defendant looked to the south first and then looked to the north, the Ali car may have been where it could not be seen. He, of course, had to look both ways and, until he was beyond the westerly lane, a reasonable view to the north was the more urgent. At the time he entered the north-bound lane, he was not necessarily negligent in failing to see the Ali car.

The defendant was in no worse position than a driver on the left at intersecting ways. *Fitzpatrick* v. *Parsons*, 90 N. H. 458. Other cases involving similar situations are *Roy* v. *Levy*, 97 N. H. 36; *Bissonnette* v. *Cheverette*, 87 N. H. 211; *Gendron* v. *Glidden*, 84 N. H. 162. In the present case, James A. Ali had not only 300 feet or more in which he could have slowed down and stopped if necessary but also for this purpose the additional 100 feet that the defendant traveled. There was nothing to obstruct the view of either driver and the area was well lighted. Furthermore, the defendant had the right to rely upon the assumption that a driver approaching from the south would use reasonable care. The verdict of the jury was within its discretion.

The motion that the verdict be set aside as against the weight of the evidence has not been argued. It cannot be ruled that the Court in denying this motion acted erroneously, and the exception to the denial of this motion is overruled.

*Judgment on the verdicts.*

All concurred.